UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD LOWE,<br><br>    Petitioner,<br><br>    v.<br><br>RON DAVIS,<br><br>    Respondent. | No. 2:16-cv-0924 JAM AC P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Though petitioner's request to proceed in forma pauperis is incomplete, the court will not assess a filing fee at this time. Instead, the undersigned will recommend that the petition be summarily dismissed.

I.     Petition

In the instant petition, petitioner challenges his February 22, 2000 conviction for possession of a firearm. ECF No. 1 at 1. He was sentenced to an indeterminate term of twenty-five years to life. Id. He alleges that his constitutional rights were violated because the prosecution withheld evidence favorable to the defense and the conviction constituted double jeopardy. Id. at 4.

////

The petition indicates (id. at 3), and the court's records confirm, that petitioner has previously filed an application for a writ of habeas corpus attacking the conviction and sentence challenged in this case. The previous application was filed by the Clerk of the Court on April 23, 2002, and was denied on the merits on August 29, 2006. Lowe v. People of California, No. 2:02-cv-00882 LKK GGH, ECF Nos. 1, 24, 28. This court takes judicial notice of the record in that proceeding. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases.").

Under 28 U.S.C. § 2244(b)(3)(A), a second or successive application for habeas relief may not be filed in district court without prior authorization by the court of appeals. Felker v. Turpin, 518 U.S. 651, 657 (1996). Prior authorization is a jurisdictional requisite. Burton v. Stewart, 549 U.S. 147, 152-53 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (once district court has recognized a petition as second or successive pursuant to § 2244(b), it lacks jurisdiction to consider the merits). A petition is successive within the meaning of 28 U.S.C. § 2244(b) where it "seeks to add a new ground for relief" or "if it attacks the federal court's previous resolution of a claim *on the merits*." Gonzalez v. Crosby, 545 U.S. 524, 532 (2005) (emphasis in original). "[A] 'claim' as used in § 2244(b) is an asserted federal basis for relief from a state court's judgment of conviction." Id. at 530. "A habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits." McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009) (citing Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008)).

Before petitioner can proceed on his claims, he must move in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3). Petitioner has not provided any evidence that he has sought and received the required authorization. The undersigned will therefore recommend that this action be dismissed without prejudice to refiling once petitioner receives authorization to proceed from the Ninth Circuit.

Accordingly, IT IS RECOMMENDED that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge

1 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days
2 after being served with these findings and recommendations, petitioner may file written
3 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
4 Findings and Recommendations."  Petitioner is advised that failure to file objections within the
5 specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
6 F.2d 1153 (9th Cir. 1991).

7 DATED: August 2, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE